

**U.S. Department of Justice**

*United States Attorney's Office
District of Delaware*

---

*Nemours Building*  
*1007 Orange Street, Suite 700*  
*P.O. Box 2046*  
*Wilmington, Delaware 19899-2046*

*(302) 573-6277*  
*FAX (302) 573-6220*

June 21, 2007

The Honorable Sue L. Robinson  
Chief United States District Judge  
District of Delaware  
844 King Street  
Wilmington, DE 19801

    Re:    **United States v. Mohamedkamal Kabira**  
            <u>**Crim. Action No. 07-52-SLR**</u>

Dear Chief Judge Robinson:

    Enclosed is a proposed Memorandum of Plea agreement, Felony Information, and Waiver of Indictment in the above captioned matter. The Government understands from defense counsel that he is currently in trial in another district, and may need additional time to consult with the defendant. As a result, the defendant has not yet signed the enclosed documents.

    A change of plea hearing is currently scheduled before this Court on Friday, June 22, 2007, at 10:00 a.m.

                                                  Respectfully submitted,

                                                  COLM F. CONNOLLY  
                                                  United States Attorney

                   BY:   _/s/ Hana H. Eisenstein_  
                                       Hana H. Eisenstein  
                                       Assistant United States Attorney

Enclosure

cc:    Sidney L. Moore, Esquire  
        Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 07-52-SLR |
| | ) | |
| MOHAMEDKAMAL KABIRA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, and the defendant, Mohamedkamal Kabira, by and through his attorney, Sidney L. Moore, Jr., Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to a one-count felony Information. Count I of the Information charges him with receiving and facilitating the transportation, concealment, and sale of approximately 300 kilograms of a substance or material known as "Khat," knowing that said merchandise had been imported and brought into the United States contrary to law, in violation of Title 18, United States Code, Section 545. The defendant understands that the maximum penalties for this offense are up to twenty years of imprisonment, a fine of up to $250,000, or both, up to three years of supervised release, and a mandatory $100 special assessment. At or about the time of sentencing, the United States will move to dismiss the Indictment presently pending against the defendant.

2. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty: (1) the merchandise charged in the Information, to wit, approximately 300 kilograms of "Khat," had been brought into the United States contrary to United States Customs law; (2) the defendant received and/or facilitated the transportation, concealment, and sale of the merchandise; and (3) the defendant knew that it had been brought into the United States contrary to law.

3. The defendant knowingly admits that he received and facilitated the transportation, concealment, and sale of approximately 300 kilograms of "Khat," which had been brought into the United States contrary to law, and that he knew that the Khat had been brought into the United States contrary to law.

4. The parties stipulate and agree that, based on information known to date, the government's evidence is sufficient to show that the defendant's offense conduct and the conduct for which the defendant is held responsible pursuant to United States Sentencing Guideline (U.S.S.G.) Section 1B1.3(a)(2) (relevant conduct) includes a drug quantity of 300 kilograms of Khat, which is equivalent to 3 kilograms of Marihuana under the Sentencing Guidelines. *See* U.S.S.G. § 2T3.1(c)(1) (cross-referencing relevant guidelines provisions in cases involving contraband items). Accordingly, the parties estimate and agree that, before any other adjustments, the defendant's offense level is 12, pursuant to U.S.S.G. § 2D1.1(c)(14).

5. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence

consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. Based on the defendant's conduct to date, and provided that he does not from the time of the guilty plea to the sentencing act inconsistently with acceptance of responsibility, the United States agrees that the defendant should obtain a two level reduction for acceptance of responsibility.

7. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8. The defendant agrees to the administrative forfeiture of all interests in any merchandise introduced into the United States in violation of 18 U.S.C. § 545, or the value thereof, which the parties stipulate and agree is valued at least $105,000, including but not limited to the following specific property:

(a) A checking account held at Commerce Bank, with partial or complete account number 66 137532 9 held for the benefit of or in the name of, Mohamedkamal Hassan Kabira;

(b) An account held at Commerce Bank, with the partial account number, XXXXXXXXXXXX1002, held for the benefit of or in the name of, Mohamedkamal Hassan Kabira;

(c) An account held at Commerce Bank, with the partial account number, XXXXXXXXXXXX5455 held for the benefit of or in the name of, Mohamedkamal Hassan Kabira;

(d) A checking account held at Bank of America, with partial or complete account number 446000635288 held for the benefit of or in the name of, Mohamedkamal Hassan Kabira;

(e) A checking account held at Bank of America, with partial or complete account number 4440 0102 4900 held for the benefit of or in the name of, Mohamedkamal Hassan Kabira; and

(f) A 2001 Honda Accord LX, Vehicle Identification Number, 1HGCG66551A120355, seized on March 20, 2007.

The defendant acknowledges that all property covered by this agreement is subject to forfeiture as merchandise introduced into the United States in violation of 18 U.S.C. § 545, or the value thereof. The defendant warrants that he is the sole owner of all of the property listed above, and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

9. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

10. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case. The defendant knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing -- including but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255 -- except that the defendant reserves his right to appeal based on a claim that (1) defendant's sentence exceeded the statutory maximum, (2) the sentencing judge erroneously departed upwards from the guidelines range, or (3) his counsel provided ineffective assistance. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

11. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

        COLM F. CONNOLLY
        United States Attorney

_____     By: _____
Sidney L. Moore, Jr., Esquire            Ilana H. Eisenstein
Attorney for Defendant                 Assistant United States Attorney


_____
Mohamedkamal Kabira
Defendant

Dated:

    **AND NOW**, this _____ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

        _____
        HONORABLE SUE L. ROBINSON
        Chief United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Criminal Action No. 07-52-SLR |
| | ) |
| MOHAMEDKAMAL KABIRA, | ) |
| | ) |
| Defendant. | ) |

## INFORMATION

The United States Attorney for the District of Delaware charges that:

### Count I

Between February and March, 2007, in the State and District of Delaware, MOHAMEDKAMAL KABIRA, defendant herein, did receive and did facilitate the transportation, concealment, and sale of approximately 300 kilograms of a substance or material known as "Khat," knowing that said merchandise had been imported and brought into the United States contrary to law, in violation of Title 18, United States Code, Section 545.

COLM F. CONNOLLY
United States Attorney

BY: _____
Ilana H. Eisenstein
Assistant United States Attorney

Dated:

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 07-52-SLR |
| ) | |
| MOHAMEDKAMAL KABIRA, ) | |
| ) | |
| Defendant. ) | |

**WAIVER OF INDICTMENT**

1. MOHAMEDKAMAL KABIRA, the above named defendant, who is accused of receiving and facilitating the transportation, concealment, and sale of approximately 300 kilograms of a substance or material known as "Khat," knowing that said merchandise had been imported and brought into the United States contrary to law, in violation of Title 18, United States Code, Section 545, being advised of the nature of the charges and of his rights, hereby knowingly, voluntarily and intelligently waives prosecution by indictment and consents that the proceeding may be by information instead of by indictment.

2. The defendant understands that (a) unless he waives indictment, he could not be charged with these offenses unless the Grand Jury found probable cause to believe he committed the offenses and returned an Indictment; (b) the Grand Jury is composed of at least sixteen, but not more than twenty-three lay persons, and at least twelve of those grand jurors must find probable cause to believe that the defendant committed these offenses before an Indictment could be returned; and (c) by waiving Indictment, the Government will be proceeding by a document written by the United States Attorney and called an Information and the defendant will be prosecuted on that Information, rather than on an Indictment.

3. The defendant has read and reviewed with his counsel the charges in the Information, and is satisfied that his counsel has properly explained the charges and this waiver to him.

      4. No one has made the defendant any promises or threatened or forced the defendant to waive indictment.

<table>
<tr><td>_____<br>Mohamedkamal Kabira<br>Defendant</td><td>_____<br>Sidney L. Moore, Esquire<br>Counsel for Defendant</td></tr>
</table>

Date:_____